# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LORENZO HOKES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | CV F   05-1193 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on June 6, 2005.

<p style="text-align:center;">DISCUSSION</p>

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the instant petition, Petitioner requests that this Court declare that his state appeal "is pending and direct[] the respective superior court to prepair [sic] the record on appeal in the instant case. In the alternative, issue writ of habeas corpus directing the respective county to accept for late filing a notice of appeal an[d] to treat the same as though timely filed and grant such other or further relief as the court deems appropriat[e] in the int[e]rest of justice." (Petition, at 4.) Thus, Petitioner is requesting that this Court direct the Superior Court to accept a late notice of appeal.

Petitioner's claim is not proper in this forum. Petitioner is not challenging his underlying conviction. Rather, Petitioner is seeking this Court to direct the Superior Court to allow Petitioner to file a late notice of appeal. This Court does not have the authority to direct the state court to do so and Petitioner's claim is not cognizable under section 2254. As this is the only issue raised in the petition, the instant petition must be dismissed for failure to state a cognizable federal claim.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal claim; and
2. The Clerk of Court enter judgment.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     December 12, 2005**                            /s/ Sandra M. Snyder
icido3                                                              UNITED STATES MAGISTRATE JUDGE